The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| DREW MACEWEN, *et al.*,<br><br>                Plaintiffs,<br><br>     vs.<br><br>GOVERNOR JAY INSLEE, in his official capacity as the Governor of Washington,<br><br>                Defendant. | NO. 3:20-cv-05423-BHS<br><br>DEFENDANT GOVERNOR JAY INSLEE'S LCR 7(g) SURREPLY MOVING TO STRIKE PORTIONS OF PLAINTIFFS' REPLY AND SUPPORTING DECLARATION OF DR. VINCENT SEAMAN |

DEFENDANT'S LCR 7(g) SURREPLY
MOVING TO STRIKE PORTIONS OF
PLAINTIFFS' REPLY AND
SUPPORTING DECLARATION
NO. 3:20-CV-05423-BHS

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

## I.   INTRODUCTION

For the first time on reply, Plaintiffs introduce a new declaration from Dr. Vincent Seaman, Dkt. #39, a self-identified epidemiological expert offered to support Plaintiffs' primary factual contention in this lawsuit—their allegation that COVID-19's "threat is almost exclusively confined to certain vulnerable groups." Dkt. #13 ¶ 148; *see, e.g.*, Dkt. #39 ¶ 39 (opining that "a well-defined and relatively small sub-population is most at risk for serious illness and/or death from COVID-19"). Although Plaintiffs describe Dr. Seaman as a "rebuttal" expert, Dkt. #37 at 3, he in fact does not rebut any evidence adduced by the Governor, nor even attest to having read either the Governor's Response or the Declaration of Dr. Kathy Lofy. *See* Dkt. #39 ¶ 11 (identifies all materials reviewed). The Seaman Declaration is not a rebuttal submission and should be stricken as new expert material that must have been included in Plaintiffs' Motion.

Plaintiffs' reply also develops a new legal argument, namely that Proclamation 20-19, which suspends most residential evictions during the COVID-19 crisis, violates the Takings Clause. *See* Dkt. #37 at 12–14. Not only did Plaintiffs' Motion for Preliminary Injunction not develop this argument—burying its single passing reference to Proclamation 20-19 on page 28—but Plaintiffs' Amended Complaint does not so much as mention Proclamation 20-19, let alone plead a claim against it. The Court should strike this new legal theory, too.

## II.   ARGUMENT

"It is well established that new arguments and evidence presented for the first time in Reply are waived." *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006); *Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1171 (W.D. Wash. 2010) ("Arguments cannot be raised properly for the first time on reply."). It is likewise improper on reply to file declarations with new allegations. *Goldmanis v. Insinger*, No. C13-2035-JCC, 2014 WL 3739430, at *4 (W.D. Wash. July 29, 2014), *aff'd in part, dismissed in part*, 679 F. App'x 605 (9th Cir. 2017) (granting motion to strike reply declaration containing "new allegations not

DEFENDANT'S LCR 7(g) SURREPLY MOVING TO STRIKE PORTIONS OF PLAINTIFFS' REPLY AND SUPPORTING DECLARATION NO. 3:20-CV-05423-BHS

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

addressed in the initial motion"). The proper remedy is to strike such material, and courts in this district routinely strike expert opinions and arguments that are improperly submitted on reply, *see, e.g.*, *id.*; *Bund v. Safeguard Properties LLC*, No. C16-920 MJP, 2018 WL 5112642, at *3 (W.D. Wash. Oct. 19, 2018), because they would otherwise "deprive[] the opposing party of an opportunity to respond," *Horizon Air Indus., Inc. v. Airline Prof'ls Assoc.*, No. 2:13-CV-681 RSM, 2014 WL 2896001, at *4 (W.D. Wash. June 25, 2014).

A. **The Court Should Strike Seaman Declaration and All References to It**

The Seaman Declaration, Dkt. #39, is full of new evidence to support Plaintiffs' primary factual contention in this case—that "COVID-19 is a crisis of the very elderly, infirm, ailing population," Dkt. #13 ¶ 32—and is thus improper material in support of their Reply. Plaintiffs could easily have foreseen the need for Dr. Seaman's Declaration (which is, in any event, of negligible value), yet they never disclosed any intention to submit an expert declaration or identified him in their opening motion, Dkt. #14, depriving the Governor of any opportunity to respond to his assertions. Moreover, though Plaintiffs describe Dr. Seaman as a "rebuttal" declarant, they fail to identify what aspect of the Governor's opposition materials he purports to rebut. The truth is, the Seaman Declaration is not rebuttal material at all, but rather introduces new purported evidence in support of the same factual assertions Plaintiffs made in their opening brief. *Compare* Dkt. #37 at 7 ("being infected with SARS-CoV-2 poses slightly less risk of adverse health consequences than being infected with the seasonal flu."), *with* Dkt. #14 at 20 (describing a flu pandemic as "even more deadly than COVID-19"). The Court should therefore strike the Seaman Declaration and all references to it. *Bund*, 2018 WL 5112642 at *3.

B. **The Court Should Strike All References to Proclamation 20-19**

Plaintiffs' Reply argues that Proclamation 20-19, which imposes a temporary moratorium on most residential evictions, constitutes a taking. *See* Dkt. #37 at 12–14. As explained in the Governor's Response, *see* Dkt. #31 at 27, the Amended Complaint does not plead a takings claim—a fact Plaintiffs do not appear to dispute, *see* Dkt. #37 at 12–14. Nor does

DEFENDANT'S LCR 7(g) SURREPLY
MOVING TO STRIKE PORTIONS OF
PLAINTIFFS' REPLY AND
SUPPORTING DECLARATION
NO. 3:20-CV-05423-BHS

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

the Amended Complaint plead any claim against Proclamation 20-19, which it does not even mention. Though Plaintiffs' Motion references Proclamation 20-19 once, Dkt. #14 at 28, Proclamation 20-19 is not included in the Motion's Section entitled "Proclamations" in the "Facts In Support Of Motion," which specifically identifies only Proclamation 20-05, Proclamation 20-25 (which Plaintiffs correctly describe as a "stay-at-home order," *id.* at 4), and amendments to the latter, *id.* at 3–7. Likewise, Plaintiffs' Proposed Order requests a preliminary injunction against "enforcement of the stay-at-home orders," but does not mention Proclamation 20-19 or the residential evictions moratorium. Dkt. #27 at 1.

On reply, Plaintiffs for the first time focus their takings claim (itself not pled) on Proclamation 20-19 and its "prohibition on eviction of any tenant whose tenancy is subject to the Landlord Tenant Act." Dkt. #37 at 13 & n.17. This is an improper expansion of their arguments and claims on reply, and if not stricken would deprive the Governor of the opportunity to respond. *See Jachetta v. United States*, 653 F.3d 898, 912 (9th Cir. 2011) (plaintiff "waived his argument . . . because he developed it for the first time in his reply brief"). The Court should therefore strike all references and argument related to Proclamation 20-19 in Plaintiffs' Reply. *Amazon.com LLC*, 758 F. Supp. 2d at 1171.

### III.    CONCLUSION

Because the Seaman Declaration and Plaintiffs' argument regarding Proclamation 20-19 are new and not proper on reply, the Governor requests that the Court strike (1) the declaration of Dr. Seaman and all references to it, and (2) all references and argument related to Proclamation 20-19 in Plaintiffs' reply brief.[1]

---

[1] The references to Dr. Seaman's Declaration in Plaintiffs' Reply that should be stricken are at pages 3:12–14, 4:6–8, 6:10–12, 6:23–25, and 7:1–11. The references to Proclamation 20-19 that should be stricken are at pages 8:16–17, 9:13, 12:21–22, 13:10–11, 13:17–22 & n.17, 14:3–15, and 14:18.

DEFENDANT'S LCR 7(g) SURREPLY
MOVING TO STRIKE PORTIONS OF
PLAINTIFFS' REPLY AND
SUPPORTING DECLARATION
NO. 3:20-CV-05423-BHS

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

Dated this 23rd of June 2020.

ROBERT W. FERGUSON
Attorney General

*s/ Zachary Pekelis Jones*
ZACHARY PEKELIS JONES, WSBA No. 44557
BRENDAN SELBY, WSBA No. 55325
  Assistant Attorney General
  Complex Litigation Division
EMMA S. GRUNBERG, WSBA No. 54659
JEFFREY T. EVEN, WSBA No. 20367
PAUL M. WEIDEMAN, WSBA No. 42254
  Deputy Solicitors General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 254-4270
(206) 332-7089
(206) 521-3222
(360) 586-0728
(360) 753-7085
brendan.selby@atg.wa.gov
zach.jones@atg.wa.gov
emma.grunberg@atg.wa.gov
jeffrey.even@atg.wa.gov
paul.weideman@atg.wa.gov

*Attorneys for Defendant Jay Inslee,
Governor of Washington*

DEFENDANT'S LCR 7(g) SURREPLY
MOVING TO STRIKE PORTIONS OF
PLAINTIFFS' REPLY AND
SUPPORTING DECLARATION
NO.  3:20-CV-05423-BHS

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744