UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DREW MACEWEN, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>JAY INSLEE, in his official capacity as the Governor of Washington,<br><br>　　　　　　Defendant. | CASE NO. C20-5423 BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiffs Drew MacEwen, Bruce Russell, Lee Pfluger, Brandon Vick, Chris Corry, Fran Wills, Andrew Barkis, and Michael McKee ("Plaintiffs") motion for a preliminary injunction. Dkt. 14. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On May 5, 2020, Plaintiffs filed a complaint against Defendant Jay Inslee in his official capacity as the Governor of Washington alleging numerous violations of their constitutional rights. Dkt. 1. In short, Plaintiffs allege that Governor Inslee's Proclamations under his emergency powers in response to the COVID-19 pandemic infringe rights guaranteed by the United States Constitution and violate provisions of the

Washington Constitution. *Id.*, ¶¶ 315–323. Plaintiffs seek a declaration that the Proclamations are unconstitutional, an injunction enjoining Governor Inslee and anyone acting on behalf or in concert with him from enforcing the Proclamations, and costs and attorney's fees. *Id.*, ¶¶ 327–329.

On May 26, 2020, Plaintiffs filed a motion for preliminary injunction arguing that they are likely to succeed on four claims alleging violations of the United States Constitution. Dkt. 14. On June 15, 2020, Governor Inslee responded opposing the motion on various procedural grounds and on the merits. Dkt. 31. On June 19, 2020, Plaintiffs replied and submitted new evidence in support of the reply. Dkts. 37–39. On June 23, 2020, Governor Inslee filed a surreply requesting that the Court strike new evidence and argument submitted for the first time in reply. Dkt. 41. On July 16, 2020, Governor Inslee filed a notice of additional authority. Dkt. 42.

## II.  DISCUSSION[1]

"The Eleventh Amendment creates an important limitation on federal court jurisdiction, generally prohibiting federal courts from hearing suits brought by private citizens against state governments without the state's consent." *Sofamor Danek Grp., Inc. v. Brown*, 124 F.3d 1179, 1183 (9th Cir. 1997). The Supreme Court recognized an exception to this jurisdictional bar in *Ex parte Young*, 209 U.S. 123 (1908) holding that

---

[1] The Court resolves the motion on the briefs because the Court would not benefit from oral argument and no party requested such argument as set forth in the local rules. *See* Local Rules W.D. Wash. LCR 7(d)(4) ("A party desiring oral argument shall so indicate by including the words 'ORAL ARGUMENT REQUESTED' in the caption of its motion or responsive memorandum.").

ORDER - 2

1  "federal courts have jurisdiction over suits against state officers to enjoin official actions
2  that violate federal law, even if the state itself is immune from suit under the Eleventh
3  Amendment." *Sofamor*, 124 F.3d at 1183. The officer sued, however, "must have some
4  connection with the enforcement of the [allegedly unconstitutional] act." *Ex parte*
5  *Young*, 209 U.S. at 157. The Ninth Circuit has held that the "connection must be fairly
6  direct; a generalized duty to enforce state law or general supervisory power over the
7  persons responsible for enforcing the challenged provision will not subject an official to
8  suit." *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citing *Long v. Van de*
9  *Kamp*, 961 F.2d 151, 152 (9th Cir. 1992)). Where the official "cannot direct, in a binding
10 fashion, the prosecutorial activities of the officers who actually enforce the law or bring
11 his own prosecution, he may not be a proper defendant." *Planned Parenthood of Idaho,*
12 *Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004); *see also Tohono O'odham Nation v.*
13 *Ducey*, 130 F. Supp. 3d 1301, 1311 (D. Ariz. 2015) ("Were the law otherwise, the
14 exception would always apply. Governors who influence state executive branch policies
15 (which virtually all governors do) would always be subject to suit under *Ex parte Young*.
16 The exception would become the rule.").

17     In this case, Governor Inslee argues that the Court lacks jurisdiction to consider
18 the claims against him because he does not have any connection with the enforcement of
19 the Proclamations. Dkt. 31 at 21–22. Although Governor Inslee concedes that he has
20 authority to issue, amend, and rescind emergency orders, he contends that enforcement
21 powers lie with other officials. *Id.* at 22. The Court finds the Governor's argument not
22 only persuasive but also consistent with the Fifth Circuit's holding in *In re Abbott*, 956

F.3d 696 (5th Cir. 2020). There, the governor of Texas issued an emergency order postponing "non-essential surgeries and procedures until April 22[, 2020] to combat the COVID-19 pandemic." *Id.* at 704. Although the governor issued the order, the court held that the district court had erred in failing to dismiss the governor and the state attorney general from a lawsuit challenging the governor's emergency order because both officials "lack[ed] the required enforcement connection" to the order. *Id.* at 708–10. In the absence of Ninth Circuit authority to the contrary, this is an extremely persuasive authority in support of Governor Inslee's position.

In reply, Plaintiffs fail to cite any authority to the contrary. Instead, they provide one paragraph of argument simply asserting positions that are unsupported in the record such as "the Governor is directly responsible for the threat of criminal prosecution that the Plaintiffs face." Dkt. 37 at 12–13. Contrary to Plaintiffs' argument, "[t]he power to promulgate law is not the power to enforce it." *In re Abbott*, 956 F.3d at 709 (citing *Martin v. Occupational Safety & Health Review Comm'n*, 499 U.S. 144, 152 (1991)). Therefore, the Court denies Plaintiffs' motion because they have failed to establish the first element of preliminary relief, which is a likelihood of success on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Finally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). It appears that the Court lacks jurisdiction over the claims in Plaintiffs' complaint. Thus, the Court orders any party to show cause why this case should not be dismissed for lack of jurisdiction.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for a preliminary injunction, Dkt. 14, is **DENIED**.  Any party may show cause no later than July 31, 2020 as set forth herein.  Failure to respond or show adequate cause will result in dismissal of the complaint without prejudice.

Dated this 24th day of July, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge